# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

SEP 2 4 2010

Michael E. Kennedy,            *

         Plaintiff,         *

                        *

    v.                        *      **Civil Action No.**    RDB 1 0 CV 2667

                        *

Lendmark Financial Services, 2118 Usher   *

Street, Covington, Georgia 30014,      *

                        *

_____ Defendant .   *

## COMPLAINT

## I.    Jurisdiction in this case is based on:

[ X ]   Federal question (suit is based upon a federal statute or provision of the United States Constitution).

[   ]   Diversity (none of the defendants are residents of the state where plaintiff is a resident).

[ X ]   Other (explain) _Fair Debt Collection Practices Act ("FDCPA") of 1977._
_____
_____

### A.    Jurisdiction.

This action is brought pursuant to the _Fair Debt Collection Practices Act ("FDCPA") of 1977_ and State of Maryland _Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq._  The Court has jurisdiction over this action pursuant to _28 U.S. C. § 1331_.  The Plaintiff further invokes the pendent jurisdiction of this Court.

### B.    Parties.

(1)     The Plaintiff in this action is Michael Edward Kennedy, who presently resides at 33250 Old Ocean City Road, Parsonsburg, Maryland 21849.

(2)     The Defendant in this action is Lendmark Financial Services, 2118 Usher Street, Covington, Georgia 30014, which is a legally registered corporate entity operating within the confines of the State of Maryland, maintaining a business address at 2420 North Salisbury

Boulevard, Suite #11, Salisbury, Maryland 21801.  Lendmark Financial Services does business specializing in personal loans; auto loans; seasonal loans; home loans and mortgages; and debt consolidation. It is sued in its corporate entity.

### C.   The Complaint In This Matter Is Timely Filed.

The statute of limitations for filing a *Fair Debt Collection Practices Act ("FDCPA")* action in accordance with the state laws of Maryland for a comparable civil action is two-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence.  The material documents and factual evidence supporting the instant action became known to Mr. Kennedy in August of 2010.  The Complaint in this matter is therefore timely filed.

### D.   Trial Demand.

The Plaintiff in the above-captioned complaint, Michael E. Kennedy, demands a trial by jury in this matter.

## II.                            Statement of the Case

The Plaintiff in this matter brings suit under the *Fair Debt Collection Practices Act of 1977 ("FDCPA") (15 U.S.C. §1692 et seq.)* and State of Maryland *Fair Debt Collection Practices Act* collection laws *(Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.)*  prohibiting debt collectors from engaging in abusive, deceptive or unfair collection practices.

## III.                            Background

The Plaintiff, Michael E. Kennedy, brings suit under both the federal and Maryland debt collection laws prohibiting debt collectors from engaging in abusive, deceptive, or unfair collection practices.  Mr. Kennedy asserts that Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers knowingly and willingly engaged in an invasion of privacy and unlawful telephone campaign in an effort to collect payment on a disputed debt owed Lendmark Financial Services by an individual other than Plaintiff.  The

Plaintiff is separated from his wife and is not legally responsible for any debts incurred by her prior to their marriage. Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers further threatened Plaintiff with repossession of his own personal vehicle – a vehicle which he has clear title to. Lastly, even after being sent a cease and desist letter by Plaintiff, Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers continued both in its unlawful telephone campaign in an effort to collect payment on a disputed debt owed Lendmark Financial Services by an individual other than Plaintiff and further attempted to serve process upon the Plaintiff by an individual impersonating a police detective for said aforementioned debt. The individual and collective acts of Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers further served to invade the Plaintiff's right to privacy and cause Plaintiff emotional distress and mental anguish.

## IV.                    Introduction

1.)     Count I of the Plaintiff's Complaint is based on the State of Maryland's *Fair Debt Collection Practices Act[1], Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

2.)     Count II of the Plaintiff's Complaint is based on the *Fair Debt Collection Practices Act of 1977 ("FDCPA") (15 U.S.C. §1692 et seq.*)

3.)     Count III of the Plaintiff's Complaint is based on the Plaintiff's common law right to privacy.

4.)     Count IV of the Plaintiff's Complaint is based on the State of Maryland's *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

---

[1]     The Maryland *FDCPA* short title is the Maryland *Consumer Debt Collection Act ("MCDCA"),* hereinafter referred to as the Maryland "*FDCPA.*"

5.) Defendant Lendmark Financial Services acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relative to this complaint.

6.) Defendant Lendmark Financial Services is seeking to collect a consumer debt from Plaintiff as defined by *Md. Code Ann., Business Regulation § 7-101 (e)*.

7.) The account in question is a consumer credit transaction as defined by *Md. Code Ann., Business Regulation § 7-101 (e)(2)* as Plaintiff has allegedly received property, services or money from the Defendant Lendmark Financial Services on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

8.) Jurisdiction arises under *28 U.S. C. §1331*.

9.) Defendant Lendmark Financial Services conducts business and is located in the state of Maryland, Wicomico County, and therefore, personal jurisdiction is established.

10.) Declaratory relief is available pursuant to *15 U.S.C. §1692 et seq*.

11.) Plaintiff is a natural person residing in Parsonsburg, Wicomico County, Maryland.

12.) Plaintiff is a consumer and, according to Defendant Lendmark Financial Services, Plaintiff allegedly owes a debt as that term is defined by *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq*.

13.) Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692(a) (3)*, and according to Defendant Lendmark Financial Services, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692(a) (5)*.

14.) Defendant Lendmark Financial Services is a debt collector as that term is defined by *Md. Comm. Law Code Ann. §14-201 (b)*.

15.) Defendant Lendmark Financial Services is a debt collector as that term is defined by *15 U.S.C. 1692(a) (6)* and sought to collect a consumer debt from Plaintiff.

16.) Defendant Lendmark Financial Services is a national company with a business office located in Salisbury, Wicomico County, Maryland.

## V.                    **Factual Allegations**

17.) Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

Complaint - 4

18.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, contacted Plaintiff from telephone numbers(1)(866) 520-9119; (410) 749-2800; (410) 749-2802; and (678) 625-6500, on Plaintiff's home and cell phone, seeking and demanding payment for an alleged debt.

19.)    On information and belief, the telephone numbers (410) 749-2800 and (410) 749-2802 are listed as belonging to the Salisbury, Maryland office of Lendmark Financial Services in the telephone directory.

20.)    On information and belief, the telephone numbers (1)(866) 520-9119 and (678) 625-6500 are listed as belonging to the Covington, Georgia office of Lendmark Financial Services in the telephone directory.

21.)    Plaintiff does not owe the debt that Defendant Lendmark Financial Services is seeking to collect by continuously contacting him.

22.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, called Plaintiff and asked for "Sandra Coulbourne" and "Sandra Kennedy."

23.)    Plaintiff informed Defendant's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers on ten (10) separate occasions that he was separated from  Sandra Kennedy and she no longer resided at the number they were calling.

24.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, continued to place telephone calls to Plaintiff despite being told that he was separated from Sandra Kennedy.

25.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, spoke to Plaintiff in a abusive and harassing manner.

26.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers threatened to file a lawsuit against Plaintiff if Plaintiff did not put "Sandra Kennedy" on the telephone.

27.)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers,  threatened to reposes Plaintiff's vehicle if Plaintiff did not put "Sandra Kennedy" on the telephone.

28.)     Plaintiff's 2001 Chevrolet Blazer was financed by the Wilmington Trust Company.

29.)     Plaintiff's 2001 Chevrolet Blazer Wilmington Trust Company auto loan was paid in full and Plaintiff had clear title to the vehicle prior to August 1st, 2009.

30.)     On August 9th, 2010 Plaintiff mailed cease and desist letters, via certified mail, properly addressed to Lendmark Financial Services, 2118 Usher Street, Covington, Georgia 30014.

31.)     Plaintiff, in his cease and desist letters as identified above in item #30 of this complaint, notified Defendant Lendmark Financial Services that: (a) he was separated from Sandra Kennedy; (b) he was not legally responsible for any debts owed by her to Lendmark Financial Services; (c) had clear title to his 2001 Chevrolet Blazer and did not personally owe any monies to Lendmark Financial Services; (d) demanded that Lendmark Financial Services provide a copy of the contract proving that Plaintiff owed Lendmark Financial Services a debt and that the alleged debt was unpaid; and (e) formally requested that, if such debt could not be proved as being owed Lendmark Financial Services by Plaintiff, that Lendmark Financial Services and its representatives then cease and desist from calling Plaintiff relative to any debts owed Lendmark Financial Services by Sandra Kennedy.

32.)     Defendant Lendmark Financial Services did not respond to the Plaintiff's cease and desist letters as identified above in items #30 and #31 of this complaint.

33.)     Defendant Lendmark Financial Services have not, as of the filing of this complaint, provided Plaintiff with a copy of any contract proving that Plaintiff owed Defendant a debt and that the alleged debt was unpaid.

34.)     On information and belief, within five (5) days after receiving Plaintiff's cease and desist letters, Lendmark Financial Services and its representatives, were required to provide Plaintiff with written notice of the amount of money Plaintiff allegedly owed; the name of the creditor to whom it was owed; and what action needed to be taken by Plaintiff if he did not owe the money.

35.)    Plaintiff has not been provided by Lendmark Financial Services or its representatives, with written notice of the amount of money Plaintiff allegedly owed; the name of the creditor to whom it was owed; and what action needed to be taken by Plaintiff if he did not owe the money.

36.)    On information and belief, Defendant and its representatives were required by law to end all telephone calls and collection efforts against Plaintiff after receiving Plaintiff's August 9th, 2010 formal cease and desist letters.

37.)    Plaintiff does not owe Defendant Lendmark Financial Services, or any other subsidiary companies of Defendant Lendmark Financial Services, any monies.

38.)    Defendant Lendmark Financial Services, after receiving Plaintiff's cease and desist letter identified above in items #30 and #31 of this complaint, has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, to continue to place telephone calls to Plaintiff seeking and demanding payment for an alleged debt owed by Sandra Kennedy.

39.)    At approximately 11:30 AM on September 5th, 2010, a white male in his late-twenties to early thirties (hereinafter described as "John Doe"), wearing tennis shoes, khaki shorts, blue T-shirt and a baseball cap, appeared at Plaintiff's residence located at 33250 Old Ocean City Road, Parsonsburg, Maryland 21849 and knocked on the door.

40.)    When Plaintiff answered the door at approximately 11:30 AM on September 5th, 2010, John Doe identified himself to Plaintiff as a "police detective" and asked for Sandra Kennedy. Plaintiff informed John Doe that Sandra Kennedy did not reside at that address and requested John Doe provide his law enforcement credentials for inspection.

41.)    John Doe stated at approximately 11:30 AM on September 5th, 2010 that he did not have to show his identification but would have to enter Plaintiff's home to verify Sandra Kennedy was not in residence. John Doe next attempted to open Plaintiff's storm door and enter the Plaintiff's residence.

42.)    Plaintiff immediately instructed John Doe to remove his hand from the door handle or Plaintiff would release his 136# Belgian Sheppard whom Plaintiff had let loose from behind a gate in the interior of the house when John Doe had placed his hand on the door handle of Plaintiff's residence and demanded entrance into the home.

43.)    John Doe then stated that he was serving process on behalf of Defendant Lendmark Financial Services and demanded to know Plaintiff's name, which Plaintiff declined to provide.

John Doe then demanded Plaintiff sign for the civil summons, which Plaintiff also declined to do and ordered John Doe off Plaintiff's property.

44.) John Doe then dropped the summons on Plaintiff's doorstep and informed Plaintiff that he and been served and that he was to appear in district court on October 20th, 2010.

45.) John Doe subsequently then stated to Plaintiff that he would talk to Plaintiff's neighbors and ascertain Plaintiff's identity.

46.) John Doe thereafter spoke to two (2) of Plaintiff's neighbors on September 5th, 2010 approximately 11:30 AM, each time identifying himself as a "police detective," and stating to them that he was serving process on Plaintiff for a bad debt collection on behalf of Lendmark Financial Services. Each of the individuals John Doe spoke to declined to provide him with any information.

47.) On information and belief, impersonation of a police officer by Defendant Lendmark Financial Services' "John Doe," acting on their behalf as an agent, employee, officer, member, director, heir, successor, assigns, principal, trustee, surety, subrogee, representative, or insurer was in violation of *Maryland Public Safety Code §3-502(b)*.

48.) On September 13[th,] 2010 Plaintiff was notified by his former landlord, William Bratten, that Bratten had received a telephone call on his work cell phone on September 6th, 2010 from an individual believed to be John Doe, who again identified himself as a "police detective" and asserted to Bratten that he serving process on behalf of Lendmark Financial Services on Plaintiff and his wife for a bad debt collection. Bratten stated that he did not provide any information to the caller.

49.) On information and belief, John Doe was acting on behalf of Defendant Lendmark Financial Services as an agent, employee, officer, member, director, heir, successor, assigns, principal, trustee, surety, subrogee, representative, or insurer at all times relative to the events described above in items #39 to #48 of this complaint.

50.) Since August 9th, 2010 Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, has continued to place telephone calls to Plaintiff and threaten to reposes Plaintiff's personal vehicle.

51.) Since August 9th, 2010 Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees,

sureties, subrogees, representatives, and insurers, has continued to place telephone calls to Plaintiff and threaten to file a lawsuit against Plaintiff.

52.)     Since August 9th, 2010 Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, has continued to place telephone calls to Plaintiff and threaten to garnish Plaintiff's pay.

53.)     Since Plaintiff's August 9th, 2010 cease and desist letters Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers had no legal right to continue to contact Plaintiff and collect a debt Plaintiff did not owe them.

54.)     Since Plaintiff's August 9th, 2010 cease and desist letters Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its conduct in continuing to place telephone calls to Plaintiff and threaten to file a lawsuit against Plaintiff.

55.)     Since Plaintiff's August 9th, 2010 cease and desist letters Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its conduct in continuing to place telephone calls to Plaintiff and threaten to garnish Plaintiff's pay.

56.)     Since Plaintiff's August 9th, 2010 cease and desist letters Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its conduct in continuing to place telephone calls to Plaintiff and threaten to repossess his personal vehicle.

57.)     Since Plaintiff's August 9th, 2010 cease and desist letters Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in

actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to invade the Plaintiff's right to privacy.

58.)    Since Plaintiff's August 9th, 2010 cease and desist letter Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its conduct in continuing to make annoying and harassing telephone calls to Plaintiff and by the use of threats and abusive language.

59.)    Since Plaintiff's August 9th, 2010 cease and desist letter Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its attempt to serve civil process upon Plaintiff for a debt he does not owe Lendmark Financial Services.

60.)    Since Plaintiff's August 9th, 2010 cease and desist letter Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its attempt to serve civil process upon Plaintiff by an individual impersonating a police officer.

61.)    Since Plaintiff's August 9th, 2010 cease and desist letter Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its attempt to force unlawful entry into Plaintiff's home on September 5th, 2010.

62.)    Since Plaintiff's August 9th, 2010 cease and desist letter Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by its communicating with third parties about the alleged debt Plaintiff's owed Lendmark Financial Services.

63.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers use of threats and threats of repossession; abusive and obscene or profane language; harassing and annoying calls; attempted service of process; force unlawful entry into Plaintiff's home; and communication with third parties in the attempted collection of an alleged debt owed by Plaintiff, invaded the Plaintiff's right to privacy and proximately caused the Plaintiff to suffer emotional distress and mental anguish.

64.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, did proximately cause Plaintiff to suffer the physical and mental reactions of apprehension; anxiety; depression; appetite disorders and weight; sleeping problems; fatigue; restlessness; and mood changes coupled with a loss of drive and enthusiasm to pursue everyday activities and personal responsibilities and was induced by fear of loss of property, loss of income, and the subjection to adverse actions that pertained or related to his personal credit history and good standing within his neighborhood.

**VI.**               **Count I**

    **A.    DEFENDANTS VIOLATED THE STATE OF MARYLAND *FAIR DEBT COLLECTION PRACTICES ACT.***

65.)    Defendant Lendmark Financial Services violated the Maryland *Fair Debt Collection Practices Act (Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.)* based on the following:

    (a.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (6)* of the Maryland *Fair Debt Collection Practices Act* when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

    (b.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (6)* of the Maryland *Fair Debt Collection Practices Act* when Defendant placed collection calls to the Plaintiff with

such frequency as to be both unreasonable and to constitute a harassment to Plaintiff under the circumstances.

(c.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (8)* of the Maryland *Fair Debt Collection Practices Act* by falsely representing that a legal proceeding was about to be instituted unless payment of a consumer debt is made by Plaintiff.

(d)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (7)* by use of obscene or grossly abusive language in communicating with the Plaintiff.

(e)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct the natural consequence of which was to result to harass, oppress, or abuse and to proximately cause the Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(f.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202(3)* by disclosing or threatening to disclose information which affected Plaintiff's reputation for credit worthiness with knowledge that the information was false.

(g.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202(5)* by disclosing or threatening to a person other than the Plaintiff or his spouse information which affected the Plaintiff's reputation, whether or not for credit worthiness, with knowledge that the other person did not have a legitimate business need for the information.

(h.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.* and *Md. Code*

*Ann., Business Reg. §7-101, et seq.* of the Maryland *Fair Debt Collection Practices Act* by continuously failing to comply with the statutory regulations contained within the *FDCPA, 15 U.S.C. §1692 et seq.* based on the following:

       (i.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d)* of the *FDCPA* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

       (ii.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d) (5)* of the *FDCPA* by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

       (iii.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (2) (A)* of the *FDCPA* by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

       (iv.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (5)* of the *FDCPA* by threatening to file a lawsuit against Plaintiff even though Defendants did not intend to do so.

       (v.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant did not intend to do so.

       (vi.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using

deceptive means in an attempt to collect a debt by threatening to reposes Plaintiff's vehicle even though Defendant did not intend to do so.

(vii.)   Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (f) (1)* of the *FDCPA* by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

(viii.)   Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (c) §§805 (c)* of the *FDCPA* by continuing to collect a debt from the Plaintiff after receiving a cease and desist communication notice.

(ix.)   Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (c) §§805 (b)* of the *FDCPA* by the Defendants' communicating with third parties about the alleged debt Plaintiff's owed Lendmark Financial Services.

## Count II

**A.**   **DEFENDANT VIOLATED THE *FAIR DEBT COLLECTION PRACTICES ACT OF 1977. 15 U.S.C. §1692 et seq.***

66.)   Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d)* of the *FDCPA* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

67.)   Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d) (5)* of the *FDCPA* by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

68.)   Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers, violated *§1692 (e) (2) (A)* of the *FDCPA* by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

69.) Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (5)* of the *FDCPA* by threatening to file a lawsuit against Plaintiff even though Defendant did not intend to do so.

70.) Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant did not intend to do so.

71.) Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to reposes Plaintiff's vehicle even though Defendant did not intend to do so.

72.) Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (f) (1)* of the *FDCPA* by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

73.) Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (c) §§805 (b)* of the *FDCPA* by the Defendants' communicating with third parties about the alleged debt Plaintiff's owed Lendmark Financial Services.

## Count III

### A. DEFENDANTS VIOLATED THE PLAINTIFF'S COMMON LAW RIGHT TO PRIVACY.

74.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's right to privacy by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

75.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's right to privacy by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

76.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers engaged in conduct, after receiving Plaintiff's cease and desist letter, while communicating with Plaintiff by utilizing grossly abusive language were intentional and with malice, or in complete and reckless disregard of Plaintiff's common law right to privacy.

77.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers engaged in conduct, after receiving Plaintiff's cease and desist letter, by its attempted unlawful entry into Plaintiff's home, were intentional and with malice, or in complete and reckless disregard of Plaintiff's common law right to privacy.

78.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers engaged in conduct, after receiving Plaintiff's cease and desist letter, by its communicating with third parties about the alleged debt Plaintiff's owed Lendmark Financial Services, were intentional and with malice, or in complete and reckless disregard of Plaintiff's common law right to privacy.

## Count IV

### A.    DEFENDANT'S INTENTIONAL ACTIONS CAUSED THE PLAINTIFF TO SUFFER EMOTIONAL DISTRESS AND MENTAL ANGUISH.

79.)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202, Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101*.

(a)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202, Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct the natural consequence of which was to result to harass, oppress, or abuse and to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(b)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct that was intentional or reckless extreme and outrageous and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(c)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct continuing to contact Plaintiff after receiving his cease and desist letter were intentional and reckless acts and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(d)    Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct by making annoying and harassing telephone calls to Plaintiff after receiving his cease and desist letter were extreme, outrageous, intentional and reckless acts and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(e)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct while communicating with the Plaintiff by utilizing grossly abusive language were extreme, outrageous, intentional and reckless acts and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(f)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and threaten to file a lawsuit against Plaintiff after receiving Plaintiff's August 9th, 2010 cease and desist letter.

(g)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and threaten to garnish Plaintiff's pay after receiving Plaintiff's August 9th, 2010 cease and desist letter.

(h)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and threaten to repossess his personal vehicle after receiving Plaintiff's August 9th, 2010 cease and desist letter.

(i)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.*, *Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and willfully and intentionally invade the Plaintiff's right to privacy after receiving Plaintiff's August 9th, 2010 cease and desist letter.

(j)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.*, *Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and use of threats and grossly abusive language after receiving Plaintiff's August 9th, 2010 cease and desist letter.

(k)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.*, *Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by its attempted unlawful entry into Plaintiff's home after receiving Plaintiff's August 9th, 2010 cease and desist letter.

(l)     Defendant Lendmark Financial Services, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.*, *Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by its communicating with third parties about the alleged debt Plaintiff's owed Lendmark Financial Services after receiving Plaintiff's August 9th, 2010 cease and desist letter.

**WHEREFORE**, the Plaintiff, **MICHAEL KENNEDY**, respectfully requests judgment be entered against the Defendant, **LENDMARK FINANCIAL SERVICES**, for the following:

80.)     Declaratory judgment that the Defendant's conduct, while acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated the *Fair Debt Collection Practices Act of*

Maryland, *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

81.)    Declaratory judgment that the Defendant's conduct, while acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq*.

82.)    Declaratory judgment that the Defendant's conduct, while acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Maryland Criminal Code, Ann., Public Safety §3-502(b)*.

83.)    Declaratory judgment that the Defendant's conduct, while acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's common law right to privacy.

84. )   Statutory damages of $1000.00 against Defendant **LENDMARK FINANCIAL SERVICES** pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq.,* and the Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

85.)    Actual damages of:

(a)    $250,000.00 against Defendant **LENDMARK FINANCIAL SERVICES** for damages resulting from the infliction of emotional distress and mental anguish proximately caused to Plaintiff by Defendant's actual malice, motivated by ill will and the intent to injure, and in violation of *Md. Comm. Law Code Ann.* § 14-203;  and Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.*; and *Md. Comm. Law Code Ann. §14-201 et seq.*

(b)    $150,000.00 against Defendant **LENDMARK FINANCIAL SERVICES** for damages proximately caused by Defendant's invasion of Plaintiff's common law right to privacy.

(c)    Any and all costs related to mileage, postage, and copying fees incurred by the Plaintiff relative to this action.

(d)    Costs and reasonable attorneys' fees, *if any*,  pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq. and* the Maryland *Fair Debt Collection Practices*

*Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

86.)   Any other relief that this Honorable Court deems appropriate, just or proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff, **MICHAEL KENNEDY**, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Michael E. Kennedy
Plaintiff, *pro se*

Dated this 23rd day of September, 2010.

Michael E. Kennedy
33250 Old Ocean City Road
Parsonsburg, Maryland 21849
(410) 572-8802

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND      )
                                )    ss:
COUNTY OF WICOMICO     )

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.)     I am the Plaintiff in this civil proceeding.

2.)     I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.)     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.)     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.)     I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL E. KENNEDY** , hereby declare under penalty of perjury that the foregoing is true and correct.

Michael E. Kennedy
Plaintiff, *pro se*

Executed on this 23rd day of September, 2010.

Michael E. Kennedy
33250 Old Ocean City Road
Parsonsburg, Maryland 21849
(410) 572-8802