IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL E. KENNEDY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-10-02667 |
| LENDMARK FINANCIAL SERVICES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Michael E. Kennedy ("Plaintiff" or "Kennedy") filed this action, proceeding *pro se*, against Defendant Lendmark Financial Services, Inc. ("Defendant" or "Lendmark Financial") for alleged unlawful debt collection practices. Plaintiff's Complaint alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Comm. Law §§ 14-201, *et seq.* Plaintiff's Complaint also asserts common law causes of action for invasion of privacy and intentional infliction of emotional distress. Pending before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5). Also pending is Plaintiff's Motion to Strike Defendant's Motion to Dismiss for lack of service (ECF No. 9). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Lendmark Financial Services, Inc.'s Motion to Dismiss (ECF No. 5) is GRANTED and Plaintiff's Motion to Strike (ECF No. 9) is DENIED.

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Goron v. Leeke*, 574 F.2d 11447, 1151 (4th Cir. 1978).

Plaintiff filed this action seeking declaratory relief and monetary damages against Lendmark Financial for violations of the FDCPA, 15 U.S.C. 1692, *et seq.* (Count II), the MCDCA, Md. Code Ann., Comm. Law §§ 14-201, *et seq.* (Count I) and the common law of Maryland concerning the torts of invasion of privacy (Count III) and intentional infliction of emotional distress (Count IV).[1] *See* Pl.'s Compl., ECF No. 1  In his Complaint, Kennedy alleges that Lendmark Financial, through its agents, employees and representatives placed collection calls to Plaintiff on both his home phone and cellular phone demanding payment of a disputed debt owed to Lendmark Financial. Pl.'s Compl. § III, at 2. Kennedy claims that the debt in question is not his, but that it belongs to his ex-wife, Sandra Kennedy, also known as Sandra Coulbourne. *Id.* Plaintiff also states that he is separated from his wife and bears no responsibility for the debts she incurred before their union. *Id.* at 3. Plaintiff further alleges that in seeking to collect on the debt, Lendmark Financial threatened to repossess his vehicle, garnish

---

[1] This is the fourth such action that Kennedy has filed in this Court against a creditor. *See Kennedy v. Ace Cash Express*, No. CCB-10-1900, 2011 WL 1769444 (D. Md. May 9, 2011); *Kennedy v. Chesapeake Utilities Corp.*, No. BEL-10-2256, 2011 WL 846584 (D. Md. March 8, 2011); and *Kennedy v. Hankey Group*, No. WDQ-09-2890, 2010 WL 1664087 (D. Md. Apr. 22, 2010). The United States Court of Appeals for the Fourth Circuit affirmed the District Court's ruling in both *Kennedy v. Hankey* and *Kennedy v. Chesapeake. See Kennedy v. Chesapeake Utilities Corp.*, No. 11-1230, 2011 WL 2909197 (4th Cir. July 21, 2011) and *Kennedy v. Hankey Group*, Civil No. WDQ-09-2890, 2010 WL 1664087 (D. Md. Apr. 22, 2010), *appeal docketed*, No. 10-1507 (4th Cir. June 22, 2010). *See* discussion *infra* p. 7.

his pay, and file a lawsuit against him.  Pl.'s Compl. § IV, at ¶¶ 24-31.  Moreover, Plaintiff alleges that Defendant continued to call "in an abusive and harassing manner" despite Plaintiff's cease and desist letter of August 9, 2010.  *Id*.  Additionally, Kennedy asserts that on September 5, 2010, Lendmark Financial sent a process server, John Doe, who impersonated a police detective and tried to enter Kennedy's home against his will.  Pl.'s Compl. § IV, at ¶¶ 39-44.  Ultimately, Kennedy states that "John Doe dropped the summons on Plaintiffs doorstep."  *Id*.  Furthermore, Plaintiff alleges that John Doe, while impersonating a police officer, spoke to two of Kennedy's neighbors as well as his former landlord representing to them that he was serving process on behalf of Lendmark Financial for a "bad debt collection" involving Plaintiff.  *Id.* at ¶¶ 46-48.

On November 8, 2010, Defendant Lendmark Financial filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Def. Lendmark Fin. Services' Mot. to Dismiss Pl.'s Compl., ECF No. 5.  Subsequently, on November 16, 2010, Plaintiff filed a Motion to Strike pursuant to Rules 60(b) and 5(b)(2) of the Federal Rules of Civil Procedure alleging that Lendmark Financial had failed to communicate a copy of its motion to him.  *See* Pl.'s Mot. to Strike, ECF No. 7.  Lendmark Financial then filed a response to Plaintiff's Motion to Strike providing evidence that it had mailed a copy of its motion on November 8, 2011.  *See* Def. Lendmark Fin. Services' Opp'n to Pl.'s Mot. to Strike, ECF No. 10.  Lendmark also indicated that another copy of its motion was sent to Plaintiff on November 18, 2011.  *Id*.  On December 21, 2010, Plaintiff filed his response to Defendant's Motion to Dismiss.  *See* Pl.'s Opp'n to the Mot. to Dismiss & Mem. of Law in Supp. Thereof, ECF No. 13.  In that document, Plaintiff concedes that Lendmark Financial's principal purpose of business is not debt collection.  *Id*. at 3.  Finally, on January 7, 2011, Defendant submitted a Response in Support of its Motion to

Dismiss.  *See* Reply in Further Supp. of Def. Lendmark Fin. Services' Mot. to Dismiss Pl.'s Compl., ECF No. 14.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments."  *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  "Even though the requirements for pleading a

4

proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

## ANALYSIS

Plaintiff alleges that Lendmark Financial engaged in unlawful debt collection practices in violation of the FDCPA, the MCDCA and violations of Maryland common law. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692(k)d and 28 U.S.C. § 1331 because Plaintiff's claims constitute a federal question arising under the FDCPA. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). For the reasons set forth below, this Court grants Defendant's Motion to Dismiss and declines to exercise its supplemental jurisdiction. This Court also denies Plaintiff's Motion to Strike.

I.   **Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)**

Defendant argues against its liability under the FDCPA and asserts that it is not a "debt collector." Defendant also requests that this Court dismiss Plaintiffs' claims for declaratory and injunctive relief. As this Court and other courts in this jurisdiction have stated, "declaratory and injunctive relief is not available under the FDCPA [and the] MCDCA." *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 733 (D. Md. 2011) (*citing Hauk v. LVNV Funding, LLC,* 749 F. Supp. 2d 358 (D. Md. 2010)). Accordingly, since Plaintiff brings claims under the FDCPA and the MCDCA in this case, he is not entitled to declaratory relief.

As a threshold issue, in order to impose liability on Lendmark Financial under the FDCPA, this Court must determine that Lendmark Financial is a "debt collector" within the meaning of Section 1692a(6) of the Act. *See* 15 U.S.C. 1692a(6). The FDCPA safeguards consumers from abusive and deceptive debt collection practices by debt collectors. *Spencer v. Henderson-Webb, Inc.*, 81 F. Supp. 2d 582, 590 (D. Md. 1998) (citing *United States v. Nat'l Fin. Servs,. Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). This statute provides in relevant part that "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). The FDCPA does not, however, apply to creditors collecting debts in their own names and whose primary business is not debt collection. *Boccone v. Am. Express Co.,* 2007 U.S. Dist. LEXIS 74358, at * 17 (D. Md. Oct. 4, 2007). *See also Akpan v. First Premier Bank,* 2010 U.S. Dist. LEXIS 20371, at *10 (D. Md. March 8, 2010) ("The FDCPA does not apply to a creditor, i.e., 'any person who offers or extends credit creating a debt or to whom a debt is owed,' except where the creditor 'uses any name other than his own

6

which would indicate that a third person is collecting or attempting to collect such debts.' " (citing 15 U.S.C. § 1692(a)(4)-(6))). Furthermore, the term "debt collector" also excludes employees collecting debts on behalf of the creditors they work for. 15 U.S.C. § 1692a(6); *see also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230 (4th Cir. 2007).

In *Kennedy v. Hankey Group*, Civil No. WDQ-09-2890, 2010 WL 1664087 (D. Md. Apr. 22, 2010), involving Kennedy's claims against the Hankey Group, *et al.* for violations of, *inter alia*, the FDCPA, this Court ruled on a similar motion to dismiss. It held that in construing Plaintiff's allegations in the light most favorable to him, where a Complaint alleges that a creditor (a) was "doing business specializing in . . . debt collection" and (b) failed to provide the Plaintiff with "a copy of the contract proving that he owed [it] a debt," and that the debt was unpaid, it was reasonable to infer that the creditor in question was a "debt collector" pursuant to the FDCPA definition.[2] *Id.* at *4. Conversely, in both *Kennedy v. Chesapeake Utilities Corp.*, Civil Case No. L-10-2256, 2011 WL 846584 (D. Md. March 8, 2011)[3] and *Kennedy v. Ace Cash Express*, Civil No. CCB-10-1900, 2011 WL 1769444 (D. Md. May 9, 2011), this Court held that where the Complaint does not allege that the defendant is a debt collector or that it "was seeking to collect debt on behalf of a third party," the defendant is not a "debt collector" for purposes of the FDCPA. *Ace Cash Express*, 2011 WL 1769444, at *3; *see also Chesapeake Utilities Corp.*, 2011 WL 846584, at *2.

In the present case, the Plaintiff fails to properly allege that Lendmark Financial is a "debt collector." In fact, Kennedy concedes in his Opposition to the Motion to Dismiss that Lendmark Financial's principal purpose of business is not debt collection. *See* Pl.'s Opp'n to the

---

[2] The United States Court of Appeals for the Fourth Circuit dismissed Kennedy's appeal of this decision. *See Kennedy v. Hankey Group*, Civil No. WDQ-09-2890, 2010 WL 1664087 (D. Md. Apr. 22, 2010), *appeal docketed*, No. 10-1507 (4th Cir. June 22, 2010).

[3] The Fourth Circuit Court of Appeals affirmed this decision of the District Court. *See Kennedy v. Chesapeake Utilities Corp.*, No. 11-1230, 2011 WL 2909197 (4th Cir. July 21, 2011).

Mot. to Dismiss & Mem. of Law in Supp. Thereof, ECF No. 13, at 3.  Moreover, his Complaint states that the debt in question was owed to Lendmark Financial.  Thus Plaintiff failed to properly allege that Lendmark Financial was either a debt collector or acting on behalf of another party.  Therefore, this Court is unable to conclude or infer that Lendmark Financial is a "debt collector" under Section § 1692a(6) of the FDCPA.  For the foregoing reasons, the Defendant Lendmark Financial's Motion to Dismiss is GRANTED.

Furthermore, dismissal with prejudice is warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies."  *Cozzarelli v. Inspire Pharms., Inc.,* 549 F.3d 618, 630 (4th Cir. 2008).  Here, dismissal with prejudice is appropriate because Kennedy concedes that Lendmark Financial is not a "debt collector."  However, the "debt collector" element is an essential requirement for a creditor's liability under the FDCPA.  Moreover, Kennedy fails to provide sufficiently particular allegations that Defendant was acting on behalf of a third party.  Thus, Plaintiff's claims arising under the FDCPA are DISMISSED WITH PREJUDICE.

## II.      Supplemental Jurisdiction under 28 U.S.C. § 1367(c)(3)

Pursuant to 28 U.S.C. § 1367(c)(3), this Court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction."  In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law."  Moreover, this court has already declined to exercise supplemental jurisdiction over Kennedy's state law claims in two prior cases in which he also made allegations of violations of the MCDCA and the Maryland common law against creditors.  *See Ace Cash*

*Express*, 2011 WL 1769444, at *4 and *Chesapeake Utilities Corp.*, 2011 WL 846584, at *2. Accordingly, pursuant to the dismissal of Kennedy's only claim arising under federal law in the present case, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims set forth in Counts I, III, and IV of the Complaint. Plaintiff's remaining state law claims are therefore dismissed WITHOUT PREJUDICE.

### III.     Plaintiff's Motion to Strike

On November 16, 2010, Plaintiff filed a Motion to Strike pursuant to Rule 60(b) of the Federal Rules of Civil Procedure concerning "Grounds for Relief from a Final Judgment, Order or Proceeding." *See* Fed. R. Civ. P. 60(b). In this Motion, Plaintiff argues that Defendant failed to provide him with a copy of its Motion to Dismiss in violation of Rule 5(b)(2). *See id.* at 5(b)(2). However, Rule 12(f) governs Motions to Strike and only permits the striking from a pleading of "any redundant, immaterial, impertinent, or scandalous matter." *Id.* at 12(f). Motions to strike under Rule 12(f) are disfavored and "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Schultz v. Braga,* 290 F. Supp. 2d 637, 654-55 (D. Md. 2003). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.' " *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *2 (W.D.Va. June 24, 2010) (quoting *Clark v. Milam,* 152 F.R.D. 66, 71 (S.D.W.Va. 1993)). Defendant provided evidence that a copy of the motion was sent via first-class mail, postage prepaid, to Kennedy on November 8, 2010. Additionally, upon receiving Plaintiff's Motion to Strike, Defendant mailed another copy of its motion to Kennedy on November 18, 2010. Plaintiff's Opposition to the Motion to Dismiss and Memorandum of Law in Support Thereof is evidence that Plaintiff received Defendant's motion. As Plaintiff's motion does not relate to

anything in the pleading that is "redundant, immaterial, impertinent, or scandalous" and considering the fact that Plaintiff was able to respond to Defendant's motion, Plaintiff's Motion to Strike is, therefore, DENIED.

## CONCLUSION

For the reasons stated above, Defendant Lendmark Financial Services, Inc.'s Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff's Motion to Strike (ECF No. 9) is DENIED.

A separate Order follows.

Dated:     September 15, 2011            /s/_____
                                          Richard D. Bennett
                                          United States District Judge